

Edward M. Katz, New York City (Abraham E. Freedman, New York City, on the brief), for plaintiff-appellee.

Thomas J. Irving, New York City (Foley & Martin, New York City, on the brief), for defendant-appellant.

Before LUMBARD, Chief Judge, and WATERMAN, Circuit Judge and JAMESON, District Judge.*

Michael Kendrick, Jr. (court appointed), Corpus Christi, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before TUTTLE and GEWIN, Circuit Judges, and PITTMAN, District Judge.

PER CURIAM.

The Court has withheld a decision in this case, because there was involved in our decision the question as to the presumption that may be said to arise from possession of certain narcotics. In Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, the Supreme Court invalidated the statutory presumption contained in 21 U.S.C.A. § 176, the marijuana statute. It did not deal with the possession of heroin or cocaine.

Now, in Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610, dec'd. Jan. 19, 1970, the Supreme Court has expressly upheld the validity of the preumption under § 174, the section under which Obregon was convicted.

We find no merit in the other contentions raised on this appeal. The judgment and sentence of the trial court are affirmed.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jose Manuel OBREGON, Defendant-Appellant.**

**No. 26306.**

United States Court of Appeals, Fifth Circuit.

May 14, 1970.

* Sitting by designation.